## IN THE CIRCUIT COURT FOR BALTIMORE COUNTY, MARYLAND

DARLENE SEWELL                        )
4714 Main St.                         )
Capitol Heights, Maryland 20743,      )
                                      )       Case No.: _____
            *Plaintiff*,              )
                                      )
        v.                            )
                                      )       **COMPLAINT &**
                                      )       **DEMAND FOR TRIAL BY JURY**
BRAWNER BUILDERS, INC.                )
11011 McCormick Road, Suite 300       )
Hunt Valley, Maryland 21031,          )
                                      )
Serve on:                             )
R/A Jeffrey A. Bird                   )
11011 McCormick Road, Suite 300       )
Hunt Valley, Maryland 21031,          )
                                      )
            *Defendant*.              )
_____   )

### COMPLAINT

Plaintiff, DARLENE SEWELL(hereinafter "Plaintiff" or "Sewell"), by and through her

undersigned attorney Scott A. Conwell, Esq. and Conwell Law LLC, hereby submits this

Complaint for compensatory, statutory and punitive damages, attorneys' fees and costs against

the Defendant, BRAWNER BUILDERS, INC. (hereinafter "Defendant" or "Brawner"), for

Unlawful Discrimination based upon race under Title VII of the Civil Rights Act of 1964 (42

U.S.C. § 2000e, *et seq.*), Maryland's laws prohibiting discrimination in employment, Md. Code

Ann., State Government § 20-601, *et seq.*; for retaliation, for denial of due process under the

Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. §1983, and for

denial of procedural and substantive due process under the Maryland Constitution's Maryland

Declaration of Rights (Article 24), and the Plaintiff further states:

1

## JURISDICTION AND VENUE

1. Jurisdiction resides in this court pursuant to Md. Code Ann., State Government § 20-1013(b), which allows a civil action to be filed, within two years of the alleged practice, in the state circuit court where unlawful employment practice has occurred.

2. State courts have concurrent jurisdiction with federal courts to adjudicate federal discrimination claims under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, as amended, 42 U. S. C. § 2000e *et seq. Yellow Freight System, Inc. v. Donnelly*, 494 U.S. 820, 822 (1990).

3. Claims under the Fourteenth Amendment to the United States Constitution brought pursuant to 42 U.S.C. §1983 may be brought in Maryland Circuit Courts. *R.A. Ponte Architects, Ltd. v. Investors' Alert, Inc.*, 382 Md. 689, 857 A.2d 1, 5 (Md. 2004)(citing *De Bleecker v. Montgomery County*, 292 Md. 498, 500, 511-513, 438 A.2d 1348 (1982)).

4. As described in the Administrative Status section below, Plaintiff timely filed an administrative charge with the Maryland Commission on Civil Rights alleging wrongful employment practices against Defendant.

5. Venue is proper in the Circuit Court for Baltimore County pursuant to Md. Code Ann., State Government § 20-1013(b) as it is the circuit court for the county where the Defendant's principal place of business and where the unlawful employment practices occurred.

6. State claims are authorized for: unlawful employment practices under Md. Code Ann., State Government § 20-1013(b).

7. This Court has personal jurisdiction over the parties because the Defendant is a Maryland business, and also the acts, events and/or omissions giving rise to Plaintiff's claims as

2

described herein occurred in the State of Maryland, and the Plaintiff resides in the State of Maryland.

## PARTIES

8. Plaintiff Darlene Sewell ("Plaintiff" or "Sewell"), date of birth April 3, 1950 (age 66), currently resides at 4714 Main St., Capitol Heights, Maryland 20743. At all relevant times, Plaintiff was employed on an hourly basis by Defendant, and was assigned to work at various locations within the State of Maryland, or at the Defendant's principal place of business, as described herein.

9. Defendant Brawner Builders, Inc. ("Defendant" or "Brawner"), has a principal office at 11011 McCormick Road, Suite 300, Hunt Valley, Maryland 21031, and has a resident agent, Jeffrey A. Bird, located at the same address.

10. Respondeat Superior/Acts of Agents: Wherever in this complaint it is alleged that any individual or other party did or failed to do any particular act and/or omission, it is meant that Defendant(s), acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his/her/its employment, agency, or contract with Defendant(s), and in the furtherance of Defendants' businesses. It is further alleged that any individual Defendant(s) named herein were an agent acting in the course and scope of his/her/its agency during the transaction(s) that is/are the subject of this case with the actual and apparent authority of his/her/its principal. It is further alleged that the individual's acts and omissions were ratified and adopted by the Defendant(s).

**Administrative Status:**

11. Plaintiff Sewell timely filed a charge of discrimination against Defendant with the Maryland Commission on Civil Rights ("MCCR") on March 7, 2016.

12. The MCCR charge was amended on March 29, 2016.

13. The MCCR charges were dual filed with the Equal Employment Opportunity Commission (the "EEOC").

14. Plaintiff's initial administrative charge alleges discrimination on the basis of race.

15. Plaintiff's amended administrative charge alleges that it is a continuing action and provides additional detail.

16. Plaintiff was issued a right to sue letter with a mail date of October 11, 2016.

17. Plaintiff Sewell is entitled to bring her discrimination suit based upon state law because at least 180 days have elapsed since the filing of the administrative charge and this action is filed within 2 years after the alleged unlawful employment practice occurred.  Md. Code Ann., State Government § 20-1013(a).

18. Plaintiff Sewell is entitled to bring her discrimination suit based upon federal law because it is within ninety (90) days of the receipt of the right to sue and notice of suit rights letter.

### COUNT I
### VIOLATION OF TITLE VII: DISCRIMINATION BASED ON RACE
### (42 U.S.C. §§ 2000e *et seq.*)

19. Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

20. Plaintiff Sewell is a female member of a protected class as her "race" is African-American."

4

21. Brawner employs more than one hundred workers. Because this exceeds fifteen (15) persons, Brawner constitutes an "employer" subject to Title VII. 42 U.S.C. § 2000e (b).

22. Sewell began her employment with Brawner on August 8, 1988 as a Maintenance Foreman.

23. Sewell worked for Brawner for 28 years, dedicating virtually all of her career and life of employment to Brawner.

24. In 1998 was promoted to the position of Traffic Supervisor, and until 2015, approximately the last 17 years, Sewell remained in that position.

25. At all relevant times, Sewell's work performance was satisfactory.

26. After Sewell was placed under the supervision of a Caucasian Vice President Dave Birkheimer, she noted her concerns that he had and continued to disregard safety provisions, which are critical to being safe as a Traffic Supervisor. Further, she noted her concerns that he disregarded everything stated by the Plaintiff in a disrespectful, dismissive and demeaning discriminatory treatment. These concerns, as well as statements from other employees, were reported up the chain at Defendant Brawner.

27. Plaintiff's concerns would have been recognized had she not been a member of a protected class as she was far more knowledgeable and experienced than Birkheimer.

28. Instead, Brawner reacted, not by listening to or responding in any rational way, not by even addressing the safety issues, not by addressing Ms. Sewell's perception of such issues, not by addressing any personnel problem or in responding the way they would have had she been white Caucasian, but by instead by demoting Sewell.

29. This was the reactionary response of a company infested with discriminatory attitudes and personnel practices. Brawner has a history of race and color discrimination, led and supported by the ownership and management of Brawner.

5

30. After favoring the white supervisor solely because he was white Caucasian, and disregarding the experienced Ms. Sewell for the corresponding reason, the company later followed up the white supervisor's incompetent conduct, not by firing or demoting him, but by promoting him.

31. At no time since that date has Brawner attempted in any way to find work for Ms. Sewell that was not hard labor, or work that would be commensurate with her knowledge, experience, and physical abilities.

32. At no time since that date, including after her direct supervisor had left that position, has Brawner attempted to find her an appropriate supervisor position.

33. Instead, after demoting Sewell, Brawner assigned her to work in a position consisting of hard labor work.

34. After dedicating 28 years of her working life to Brawner, and now being a female of 66 years of age, Plaintiff was entirely unsuited to a career of hard labor.

35. Former Supervisor Birkheimer expected Sewell to quit.

36. Bawner has previously designated African-American employees to less favorable work assignments, job duties, and work assignments to force them to quit.

37. Brawner has a history of disfavoring African-American employees.

38. Brawner had actual and constructive knowledge that their demotion and subsequent assignment to a career of hard labor.

39. After dedicating 28 years of her working life to Brawner, and now being a female of 66 years of age, Plaintiff did not have other reasonable employment options.

40. Without other reasonable employment options, however, being dedicated to Brawner for virtually all her life, and with the hope and expectation that her former Supervisor would leave his position and that she would be reinstated, Sewell continued to work for Brawner.

41. Eventually, after Brawner realized the incompetence of Supervisor Birkheimer, and one or more employees were injured as a result, he was forced to leave the company.

42. Brawner, however, made no attempt to reinstate Plaintiff to her former position or assign her to a position commensurate with her experience and abilities.

43. Instead, Brawner had essentially chained Plaintiff to a life of hard labor and sentenced her to low paid slavery.

44. Mr. Sewell was denied the training and opportunities for advancement and increases in wages and hours as a result of his being non-white, and such discriminatory employment practices were then used to retaliate against her.

45. As a direct and proximate result of the Defendant's policies and practices, Plaintiff was unlawfully discriminated against with regard to the employee's job, compensation, work assignments, and other terms, conditions, and privileges of employment.

46. Brawner's discriminatory acts and treatment constitutes disparate treatment and disparate impact.

47. The Plaintiff's race was a motivating factor in its employment decisions concerning the Plaintiff.

48. In this case, and in other cases concerning Brawner, race was a factor in its employment decisions.

49. Defendant is therefore liable to Plaintiffs and Class members for harms suffered as a result of Defendant's discriminatory employment policies, practices and procedures.

7

50. Pursuant to the remedies, procedures, and rights set forth in Title VII, Plaintiff prays for all

applicable damages available under Title VII as well as judgment as set forth below.

## COUNT II
### VIOLATION OF MD. CODE ANN., STATE GOVERNMENT § 20-602 - UNLAWFUL DISCRIMINATION IN EMPLOYMENT BASED ON RACE , COLOR, SEX AND AGE

51.  Plaintiff incorporates by reference all preceding paragraphs and those paragraphs

contained herein below as though fully set forth herein.

52.  Plaintiff Sewell is a female member of a protected class as she is "non-white." Her

"race" is African-American and her "color" is "black."  Plaintiff is 66 years of age.

53.  Defendant Brawner employs more than one hundred workers. Because this exceeds

fifteen (15) employees, Brawner constitutes an "employer."  Md. Code Ann., State Government

§ 20-601(d).

54.  Plaintiff is or was an employee of Defendant as defined by Md. Code Ann., State

Government § 20-601(c).

55.  Defendant operates business establishments within the jurisdiction of the State of

Maryland and, as such, is obligated to comply with the provisions of Maryland's laws

prohibiting discrimination in employment, Md. Code Ann., State Government § 20-601, *et seq.*

56.  As described in this complaint, Defendant has discriminated against the Plaintiff on the

basis of race and/or color by:

a.  Demoting the Plaintiff and similarly situated employees. Md. Code Ann., State

Government § 20-606(a)(1);

b.  Otherwise discriminating against the Plaintiff and similarly situated employees

with respect to the individual's compensation, terms, conditions, and privileges of

employment. Md. Code Ann., State Government § 20-606(a)(1);

8

c. Limiting, segregating, and/or classifying Plaintiff, including similarly situated employees or applicants for employment in other fields and skill areas that in any way deprived or tended to deprive any individual of employment opportunities or otherwise adversely affected the individual's status as an employee. Md. Code Ann., State Government § 20-606(a)(2);

d. Discriminating against Plaintiff and similarly situated employees for admission to, or employment in, any program established to provide apprenticeship or other training or retraining. Md. Code Ann., State Government § 20-606(d);

e. Adopting and subjecting Plaintiff and similarly situated employees to discriminatory compensation decisions and other practices, and applying discriminatory compensation decisions or other practices, resulting wholly or partly from the discriminatory compensation decision or other practice. Md. Code Ann., State Government § 20-607.

57. Either individually or in combination, Defendant discriminated against Plaintiff on the basis of race, color, sex and/or age.

58. Because the Plaintiff was a member of each of these protected classes, or all of them together, Defendant acted to discriminate against the Plaintiff.

59. Defendant's policies and practices discriminated against Plaintiff and similarly situated employees because its actions affected their compensation, terms, conditions, and/or privileges of employment.

60. Defendants' failures described in this Complaint and its policies and practices constitute unlawful discrimination and resulted in adverse employment actions in violation of Md. Code Ann., State Government § 20-609.

61.     The Defendant's unlawful employment practices as described herein and implemented by Defendants, its executives, employees and agents, were done with malice.

62.     Defendant's discriminatory conduct exhibited a willful and/or reckless indifference to Plaintiff's protected right to be free from disability discrimination in the workplace.

63.     Defendant's conduct constitutes ongoing and continuous unlawful employment discrimination under Maryland law and, unless restrained and enjoined from doing so, Defendant will continue to discriminate and deprive Plaintiff of the terms, conditions and privileges of employment and deprive her of equal employment opportunities in violation of Maryland law. Defendant's acts and omissions, unless enjoined, will continue to inflict irreparable injuries for which Plaintiff has no adequate remedy at law.

64. Pursuant to Md. Code Ann., State Government § 20-1013(d) and § 20-1009(b), Plaintiff demands, as just and equitable, the full relief under the Statute:

     (i) enjoining the respondent from engaging in the discriminatory act;

     (ii) ordering appropriate affirmative relief, including the reinstatement or hiring of employees, with or without back pay;

     (iii) awarding compensatory damages, in addition to the back pay and interest on the back pay; and

     (iv) ordering any other equitable relief that the court considers appropriate.

65. Plaintiff requests back pay for two (2) years prior to the filing of her Complaint with the Maryland Commission on Civil Rights.  Md. Code Ann., State Government § 20-1009(b)(5)

66. Pursuant to Md. Code Ann., State Government § 20-1013(e), Plaintiff demands Punitive Damages because the employer has engaged in and is engaging in an unlawful employment practice with actual malice.

10

67. <u>Plaintiff therefore demands one million two hundred thousand ($1,200,000) in damages</u> under Maryland's laws prohibiting discrimination in employment.

## COUNT III
## UNLAWFUL RETALIATION PROHIBITED UNDER STATE AND FEDERAL ANTI-DISCRIMINATION LAWS

68.    Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

69.    The acts and omissions by the Defendant constitute adverse employment actions against the Plaintiff.

70.    The adverse employment actions were caused by the Plaintiff's engagement in the protected activities, by the Plaintiff's assertions of his lawful rights, and by the Defendant's desire to retaliate and/or continue its unlawful discriminatory policies and practices.

71.    The acts of withdrawing supervisory duties, a deprivation of former responsibilities and reassignment to a position with significantly different responsibilities constitutes retaliation.

72.    Defendant's conduct constitutes ongoing and continuous unlawful retaliation under:

    a.   Title VII, 42 U.S.C. § 2000e-3;

    b.   Md. Code Ann., State Government § 20-606(f).

73.    As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has and will continue to suffer damages, including, but not limited to: lost earnings past and future, lost earning capacity, emotional pain, suffering, mental anguish, and other pecuniary and nonpecuniary losses.

74.    Defendant's conduct was intentional, malicious, and recklessly indifferent to Plaintiff and similarly situated employee's protected rights.

75. Pursuant to the remedies, procedures, and rights set forth in the statutes and public policy

banning retaliation, Plaintiff prays for judgment as set forth in this Complaint.

## COUNT IV
## DENIAL OF PROCEDURAL DUE PROCESS UNDER THE MARYLAND DECLARATION OF RIGHTS

76. Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained

herein below as though fully set forth herein.

77. The Maryland Declaration of Rights mandates:

> That no man ought to be taken or imprisoned or disseized of his freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed, or deprived of his life, liberty or property, but by the judgment of his peers, or by the Law of the land.

Constitution of Maryland, Maryland Declaration of Rights, Article 24. The intent of Article 24

is to "protect an individual's interests in substantive and procedural due process". *Samuels v.*

*Tschechtelin*, 135 Md.App. 483, 763 A.2d 209, 230 (2000) (string citations to Maryland Court of

Appeals cases omitted).

78. Plaintiffs have a constitutionally protected property interest in continued employment.

79. A person with a property interest in continued employment is entitled to a limited hearing

prior to termination and a more comprehensive hearing after termination.

80. These constitutionally protected interests may not be terminated without procedural due

process. The fundamental requirements of due process include:

    a.  full, complete and timely compliance with all standards, procedures and policies

        as implemented and/or applied by the Defendants to other employees;

    b.  full, complete, timely and fair compliance employment practices under Md. Code

        Ann., State Government § 20-601, *et seq.* and applicable federal laws;

    c.  the opportunity to be heard at a meaningful time and in a meaningful manner;

12

d.  a hearing conducted by an impartial tribunal;

e.  a full and fair opportunity to be heard on all pertinent issues prior to a final determination regarding termination of employment; and

f.  a full and fair opportunity to be heard on all pertinent issues after a final determination regarding termination of employment.

81. The above actions and/or omissions by the Defendants among other things denied Plaintiff procedural due process.

82. Based upon the foregoing allegations, Defendants have violated Plaintiffs' procedural due process rights as a matter of fact and law.

83. Pursuant to the rights set forth in the Maryland Declaration of Rights, Plaintiff prays for judgment as set forth in this Complaint.

## COUNT V
## DENIAL OF SUBSTANTIVE DUE PROCESS UNDER THE MARYLAND DECLARATION OF RIGHTS

84. Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained herein below as though fully set forth herein.

85. Plaintiff's federal and state constitutional and statutory rights to non-discrimination are so fundamental as to require substantive due process protections.  Discrimination and termination based upon illegal discrimination violate a liberty interest.

86. Defendant accused Plaintiff of gross misconduct in connection with his employment to harm him in his employment and his attempts to receive unemployment compensation.

87. Defendant's acts to terminate Plaintiffs and its acts to malign their character, work habits, and actions and impugn their reputation were for the purpose of preventing Plaintiffs from obtaining and from seeking employment, for purposes of denying unemployment, and for

retaliation.  Defendant's acts violate Plaintiff's liberty interests.

88. The above liberty interests are protected by the Maryland Constitution's Maryland

Declaration of Rights (Article 24).

89. These protected interests may not be terminated without substantive due process. The

protection of substantive due process includes the right to be free from deprivation of

protected liberty and/or property interests through arbitrary and capricious state action.

90. Substantive due process places a restraint on Defendants' power and conduct beyond that

imposed by procedural due process.

91. Substantive due process provides heightened protection against Defendants' interference

with certain fundamental rights and liberty interests.

92. Defendants cannot arbitrarily deprive an individual of a constitutionally protected interest

even if they follow the proper procedures.

93. The above interests require particularly careful scrutiny of the state needs asserted to justify

their abridgment.

94. Defendants have violated Plaintiff's substantive due process rights as a matter of fact and

law.

95. Pursuant to the rights set forth in the Maryland Declaration of Rights, Plaintiff prays for

judgment as set forth in this Complaint.

## COUNT VI
## DENIAL OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION PURSUANT TO 42 U.S.C. § 1983

96. Plaintiff incorporates by reference all preceding paragraphs and those paragraphs contained

herein below as though fully set forth herein.

14

97. All the preceding procedural and substantive rights that were violated by the Defendants were clearly established at the time that due process was denied and termination was threatened, initiated, attempted and/or completed.

98. Based upon the foregoing allegations, Defendant has violated Plaintiffs' due process rights as a matter of fact and law.

99. Plaintiff is therefore entitled, pursuant to 42 U.S.C. § 1983, to bring suit for equitable remedies and to obtain redress for Defendants' violations of Plaintiff's rights.

100.    The Fourteenth Amendment to the United States Constitution is applied by statute, which provides:

> Civil action for deprivation of rights
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. §1983.

101.    Pursuant to the rights set forth in the U.S. Constitution, 42 U.S.C. § 1983, Plaintiff prays for judgment as set forth in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, Class members and all others similarly situated, respectfully requests that this Court:

A. Assume jurisdiction over this action and maintain continuing jurisdiction until Defendant is in full compliance with every order of this Court.

B. Issue just and equitable orders providing injunctive and equitable relief.

15

C. Award actual, compensatory, and/or statutory damages to Plaintiff for violations of rights under federal and state law.

D. Award punitive damages.

E. Award Plaintiff costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees, accountants' fees, investigators' fees, experts' fees, and other associated fees and costs; and

F. Grant Plaintiff such other and further relief as this Court may deem just, proper and equitable.

G. Schedule a trial by jury to resolve all disputed factual issues.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

Scott A. Conwell
Conwell Law LLC
2368 Northcliff Dr., Ste. B
Jarrettsville, MD 21084
Phone: 410-692-0070
Direct Phone: 410-451-2707
FAX: 410-692-0101
Email: scott@conwellusa.com
*Counsel for Plaintiff*

16