UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| **DARLENE SEWELL,**<br><br>    Plaintiff<br><br>v.<br><br>**BRAWNER BUILDERS, INC.,**<br><br>    Defendant | **Case No.  1:17-cv-00827-CCB** |

## REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO DISMISS COUNT III OF FIRST AMENDED COMPLAINT

Defendant Brawner Builders, Inc., by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), hereby files this Reply to Plaintiff's Response to Motion to Dismiss Count III of First Amended Complaint.

In its Motion to Dismiss, Defendant seeks only to dispose of Plaintiff's claim for retaliation in Count III of the First Amended Complaint. Defendant does not seek to dispose of Plaintiff's entire claim and the Motion does not address Counts I or II of the First Amended Complaint. Instead, Defendant seeks to put at issue what is truly at issue.

Plaintiff's Response makes two arguments.  First, Plaintiff argues that the fact that Plaintiff did not check the box for retaliation on her EEOC Charge of Discrimination is irrelevant because the retaliation claim related to and grew out of the allegations in the EEOC Charge. Second, Plaintiff argues that her retaliation claim is properly pled because she alleges that her supervisor "disregarding everything stated by the Plaintiff in a disrespectful, dismissive and demeaning discriminatory treatment." As discussed below, both arguments misconstrue the applicable law, and reveal the fatal deficiencies in Plaintiff's retaliation claim.

**I.      The Retaliation Claim Does Not Relate to or Arise Out of the EEOC Charge of Discrimination.**

It is well-settled, and not challenged, that Federal and Maryland state discrimination claims are subject to administrative exhaustion. *See* 42 U.S.C. §§ 2000ff–6(a)(1), 2000e–5(e)(1); Md. Code Ann., State Gov't Art., §20–1013(a); *Cuffee v. Verizon Commc'ns, Inc.*, 755 F. Supp. 2d 672, 678 (D. Md. 2010). Failure to do so "deprives the federal courts of subject matter jurisdiction over the claim." *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2009). *See also Davis v. North Carolina Dep't of Corrections*, 48 F.3d 134, 140 (4th Cir. 1995) (holding that receipt of a right-to-sue letter in a discrimination case is a jurisdictional requirement) (*citing Bullard v. Sercon Corp.*, 846 F.2d 463, 468 (7th Cir. 1988) (stating that "Title VII's requirement that the plaintiff exhaust the administrative remedies provided by the statute is jurisdictional; that is, a court is obligated to enforce the requirement even if the defendant has overlooked it."); *Lowe v. City of Monrovia*, 775 F.2d 998, 1003 (9th Cir. 1985) (stating that "When a plaintiff fails to raise a Title VII claim before the EEOC, the district court lacks subject matter jurisdiction to hear it.")).

Under the doctrine of administrative exhaustion, the allegations contained in the administrative charge of discrimination generally limit the scope of any subsequent judicial complaint. *Hentosh*, 767 F.3d at 416; *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). A complaint filed in court may raise "claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 963 (4th Cir.1996). *See also Cuffee*, 755 F.Supp.2d at 678; *Haas v. Lockheed Martin Corp.*, 396 Md. 469 (Md. 2007).

In this case, Plaintiff's charge of discrimination filed with the Maryland Commission on Civil Rights and the United States Equal Employment Opportunity Commission alleged discrimination based on race only. *See* Doc. 7-2.  The boxes on the charge of discrimination for retaliation was not checked, and Plaintiff does not dispute that fact.  Additionally, the charge does not mention or allege any retaliation; it states:

> In March 2015, I was placed under the supervision of Dave Birkheimer (Caucasian), Vice President. Mr. Birkheimer disregarded safety provisions, in addition to disregarding everything I stated, such as my knowledge of employees and working conditions, which I then reported up the chain of command accompanied with statements from other employees.  Instead of addressing my concerns and addressing the working conditions and relations with the employees, the Respondent tried to make me quit, or on about April 3, 2015, by assigning me to menial jobs and taking away supervisor responsibilities. I should be noted that the Respondent has previously designated African American employees to less favorable work assignments, job duties, and work locations to force them to quit. African American employees were regularly fired or made to quit for lessor incidents than white employees.
>
> On or about December 17, 2015, the Respondent officially demoted me to Truck Driver/Laborer without a reasonable explanation. As a result of my demotion, I was subjected to lower pay, a less desirable job classification, reduced benefits, and lesser opportunities for advancement. It should be noted that I was replaced by a Caucasian employee who did not have my qualifies, experience, and knowledge.
>
> I believe I was singled out for demotion, while similarly situated, Caucasian employees were not subjected to comparable discipline. . . .
>
> I further believe that any reason the Respondent gives for my unfavorable assignments and demotion is a pretext to discriminate against me on the basis of my race.

*See* Doc. 7-2.

It cannot reasonably be disputed that the charge of discrimination does not mention retaliation for engaging in a protected activity or opposing an unlawful employment protective under Title VII. Furthermore, the fact that Plaintiff did not complain about unlawful retaliation in her administrative charge of discrimination, and that such a claim was not developed by a

3

reasonable investigation, is further proven by the fact that the Maryland Commission on Civil Rights, after conducting a fact finding conference that was attended by Plaintiff and her attorney, issued its written finding which does not mention or even use a form of the word "retaliation." *See* Doc. 7-4.

Instead, the charge alleges that Plaintiff was retaliated against for complaining about safety issues and working conditions, which cannot survive a Motion to Dismiss. *See, e.g., Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 396 (5th Cir. 2008); *Barber v. CSX Distribution Services*, 68 F.3d 694, 701 (3d Cir.1995) (employee's letter complaining about "unfair treatment in general . . . but . . . not specifically complain[ing] about age discrimination" was not protected conduct for a prima facie case of retaliation); *Boese v. Fort Hays State Univ.*, 814 F. Supp. 2d 1138, 1146 (D. Kan. 2011), aff'd, 462 F. App'x 797 (10th Cir. 2012) (complaining about general work conditions is not protected activity); *Cherry v. Ritenour Sch. Dist.*, 253 F. Supp. 2d 1085, 1099 (E.D. Mo. 2003), *aff'd*, 361 F.3d 474 (8th Cir. 2004) ("Protected activity includes filing a formal charge with the EEOC; it also includes opposing discriminatory conduct. Merely complaining of working conditions without attributing the complaints to an illegitimate criterion does not constitute opposition to an unlawful employment action and is not protected activity.") (citations omitted); *Gonzales v. Eagle Leasing Co.*, No. 3:13-CV-1565 JCH, 2014 WL 4794536, at *5 (D. Conn. Sept. 25, 2014) ("[C]omplaining to an employer about workplace safety does not appear to be protected activity under Title VII. *See Harp v. Hunter College*, 162 F.3d 1147, No. 97–7461, 1998 WL 639397 (Table), at *2 (2d Cir.1998)).

Plaintiff does not address any of that case law, but argues that she should be able to pursue her retaliation claim because it is related to and grows out of the allegations contained in her charge of discrimination, citing *Allen v. Rumsfeld*, 273 F. Supp. 2d 694 (D. Md. 2003):

> Since Title VII retaliation claims are related to and grow out of allegations contained in an EEOC charge, they are appropriately raised for the first time in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992). This rule recognizes that a plaintiff will be reluctant to again report to the EEOC after his employer has taken action against him for filing the first charge. *Riley v. Technical & Management Services, Inc.*, 872 F. Supp. 1454, 1459-60 (D. Md. 1995).

Plaintiff, however, fails to address the next sentences from that opinion, which states:

> [A] plaintiff alleging retaliation arising from the filing of a Title VII charge may do so for the first time in court if the retaliation allegedly occurs while her underlying charge is pending. *Nye v. Roberts*, 97 F. Supp. 2d 677, 679 (D. Md. 2000). **However, a plaintiff must exhaust her administrative remedies in order to properly file a civil suit when the alleged retaliation could have been raised in the original EEOC complaint.** *Riley*, 872 F. Supp. at 1459–60.

*Allen*, 273 F. Supp. 2d at 704. The rule is clearly that, if the alleged retaliation occurred before the filing of the charge of discrimination, it must be included and described in the administrative charge, whereas, if the alleged retaliation occurred in response to the administrative charge, it does not have to be included.

In this case, there is no allegation that Plaintiff was retaliated against for filing her charge of discrimination. The First Amended Complaint, and the charge of discrimination, allege that Plaintiff was demoted in 2015, which was before the filing of the administrative charge. Because the retaliation occurred before the filing of the administrative charge, the retaliation must have been raised in the charge of discrimination, and as discussed above was not. Therefore, Plaintiff's retaliation claim in Count III should be dismissed.

## II. Alternatively, The First Amended Complaint Does Not Allege that Plaintiff Opposed an Unlawful Employment Practice.

Even if Plaintiff exhausted her administrative remedies with regard to the retaliation claim, she must allege that she was retaliated against for engaging in a protected activity, meaning participating in the making, investigation, or hearing of a charge of discrimination, or opposing any practice made unlawful by Title VII.

Plaintiff does not allege that she was retaliated against for participating in a charge of discrimination, but alleges in summary fashion in a new sentence added when compared to her administrative charge of discrimination that she was retaliated against for complaining about her supervisor: "Further, she noted her concerns that he disregarded everything stated by the Plaintiff in a disrespectful, dismissive and demeaning discriminatory treatment."  *See* Doc. 11-1 at ¶32. Plaintiff argues that the use of phrase "disrespectful, dismissive and demeaning discriminatory treatment" means that she complained about an unlawful practice, and that she should be allowed to pursue her claim for retaliation.[1]

It is well-settled that in order to survive a dismissal motion, a plaintiff must allege facts that are enough to raise her right to relief "above the speculative level."  *Twombly,* 127 S. Ct. at 1965. While the First Amended Complaint "does not need detailed factual allegations, "it is nonetheless "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65.

---

[1] The written finding of the Maryland Commission on Civil Rights states in at least two different sections that Plaintiff "admitted during the investigation that she had not reported that she felt [her supervisor] was treating her unfavorable with regards to her race" and that she "admitted at that meeting she did not mention any racial discrimination or any alleged act of being treated less favorable because of her race." *See* Doc. 7-4 at 3 and 4. Those admissions directly contradict the language in Plaintiff's First Amended Complaint.

In this case, Plaintiff's singular allegation about her supervisor disregarding her statements because of discriminatory treatment is nothing more than a "bare-bones" conclusion, which has been rejected by various courts. Simply using the word "discriminatory treatment" to describe a complaint is not sufficient. *See Hood v. Pfizer, Inc.*, 322 F. App'x 124, 131 (3d Cir. 2009) (statement about need to promote diversity was "generalized concern" about employer, and "is worlds apart from the kind of particularized statement targeting discrete past events that this Court has held allows an employment discrimination plaintiff's retaliation claim to survive summary judgment"); *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 134-35 (3d Cir. 2006) (holding that "basic [ ] advocacy" against a practice does not constitute protected activity for retaliation claim); *Barber v. CSX Distrib. Servs.*, 68 F.3d 694, 701 (3d Cir.1995) (holding that letter written by rejected job applicant that "complains about unfair treatment in general" is not protected).[2] Therefore, Count III of the First Amended Complaint should be dismissed.

## III.  Conclusion.

In its Motion to Dismiss Count III of the First Amended Complaint, Defendant does not seek to dispose of the entire claim. Whether Plaintiff can prove that she was discriminated against because of her race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.*, and Maryland's law prohibiting discrimination in employment, Md. Code Ann., State Gov't Art., §20-601, *et seq.* (such as if Defendant was demoted because of her race), is not addressed.  Instead, with its Motion, Defendant seeks to put at issue what is truly at issue and to dispose of a legally unsupportable claim.

---

[2] Plaintiff also makes repeated references in her Response to Defendant's alleged history of racial discrimination. *See* Doc. 19 at 8-9. Plaintiff's obvious attempt to bootstrap other complaints to support her individual claims is improper and cannot be used to defeat a motion to dismiss Count III of her First Amended Complaint.

7

WHEREFORE, Defendant Brawner Builders, Inc. respectfully requests that this Court dismiss Count III of Plaintiff's First Amended Complaint.

Respectfully submitted,

| | |
|---|---|
| */s/Gregg E. Viola* | */s/Mark P. Johnson* |
| Gregg E. Viola (Bar Number 25737) | Mark P. Johnson (Bar Number 29091) |
| ECCLESTON & WOLF, P.C. | ECCLESTON & WOLF, P.C. |
| Baltimore-Washington Law Center | Baltimore-Washington Law Center |
| 7240 Parkway Drive, 4th Floor | 7240 Parkway Drive, 4th Floor |
| Hanover, MD 21076-1378 | Hanover, MD 21076-1378 |
| (410) 752-7474 (phone) | (410) 752-7474 |
| (410) 752-0611 (fax) | (410) 752-0611 (fax) |
| E-mail: viola@ewmd.com | E-mail: johnson@ewmd.com |
| *Attorney for Defendant* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 21, 2017, a copy of the foregoing Reply was served via CM-ECF on:

> Scott A. Conwell, Esquire
> Conwell Law LLC
> 2368 Northcliff Dr., Suite B
> Jarrettsville, MD 21084
> scott@conwellusa.com

                                              */s/Gregg E. Viola*
                                              Gregg E. Viola (Bar Number 25737)